| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-9317-JFW(PLAx)** | Date: March 10, 2023 |
| Title: | Aerospace Engineering Support Corporation -v- Eaton Aerospace LLC, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly<br>Courtroom Deputy | None Present<br>Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**      ORDER GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION [filed 2/6/23; Docket No. 37]

       On February 6, 2023, Plaintiff Aerospace Engineering Support Corporation, d/b/a J&L Industries ("Plaintiff") filed a Motion to Remand for Lack of Subject Matter Jurisdiction ("Motion"). On February 20, 2023, Defendants Eaton Corporation, Eaton Aerospace LLC ("Eaton Aerospace"), and Mission Systems Davenport AAR Inc., f/k/a Sargent Fletcher Inc. and Cobham Mission Systems Davenport AAR Inc. ("SFI") (collectively, "Defendants") filed their Opposition. On February 27, 2023, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for March 13, 2023 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

       On November 23, 2022, Plaintiff filed a Complaint against Eaton Aerospace and SFI in Los Angeles Superior Court, alleging causes of action for: (1) breach of contract as to SFI; (2) inducing breach of contract as to Eaton Aerospace; and (3) tortious interference with contract as to Eaton Aerospace. In the Complaint, Plaintiff alleges that the relationship between Plaintiff and SFI changed dramatically after SFI was acquired by Eaton Aerospace in June 2021, and that change in relationship has led to various breaches and anticipatory breaches of the Distributor Agreement between Plaintiff and SFI. Plaintiff alleges that it has been damaged in an amount in excess of $2,850,912.00.

       On December 23, 2022, Eaton Aerospace and SFI removed this action, alleging that this

Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  On February 22, 2023, Plaintiff filed a First Amended Complaint ("FAC"), which added Eaton Corporation as a defendant.

II.     **Legal Standard**

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

III.    **Discussion**

In the Motion, Plaintiff argues that Defendants have failed to demonstrate that there is complete diversity among Plaintiff and Defendants because both Plaintiff and SFI are citizens of California.  In its Opposition, Defendants argue that SFI is not a California citizen because despite Plaintiff's argument to the contrary, SFI's principal place of business was and continues to be in Iowa.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  For purposes of diversity, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  In this case, it is undisputed that the amount in controversy exceeds $75,000.  It is also undisputed that Plaintiff is a California corporation with its principal place of business in California, Eaton Corporation is an Ohio corporation with its principal place of business in Ohio, and Eaton Aerospace is a citizen of Ohio.  The parties also agree that SFI is a Delaware corporation.  As a result, the only issue is whether SFI's principal place of business is in Davenport, Iowa or Irvine, California.  Plaintiffs argue that although SFI's principal place of business was located in Davenport, Iowa, SFI's principal place of business shifted to Irvine, California in June 2021 after SFI was acquired by Eaton Corporation.  According to Plaintiff, after SFI was acquired by Eaton Corporation, although SFI remained a separate corporation, it became part of the Eaton Aerospace Group that has its world headquarters in Irvine, California.  Plaintiff argues that the President of Eaton Aerospace Group, Nanda Kumar ("Kumar"), and other Eaton Aerospace Group executives control and direct SFI's business activities from the world headquarters in Irvine, California.  Defendants argue that, despite SFI's acquisition by Eaton Corporation, SFI's principal place of business remains in Davenport, Iowa because SFI's Iowa-based leaders continue to direct and control SFI's operations.

In *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010), the United States Supreme Court held that a corporation's principal place of business for purposes of diversity jurisdiction "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," in other words, the corporation's "nerve center."  The Court also held that a

Case 2:22-cv-09317-JFW-E   Document 59   Filed 03/10/23   Page 3 of 5   Page ID #:2342

corporation's "nerve center" is "a single place" and "[i]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93; *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 974 (9th Cir. 2010) ("The Supreme Court has recently clarified that the term 'principal place of business' means, for purposes of federal diversity jurisdiction, the locale where a "corporation's high level officers direct, control, and coordinate the corporation's activities," often called the 'nerve center'").

In this case, the Court concludes that Defendants have failed to demonstrate that SFI's principal place of business, or "nerve center," is located in Davenport, Iowa, and not Irvine, California.  The only evidence Defendants submitted in support of their Notice of Removal was the Declaration of Bradley Diedrich ("Diedrich"), who is in-house counsel for Eaton Corporation and who works out of Eaton Corporation's office in Cleveland, Ohio.  In his declaration, Diedrich states that SFI's principal place of business is located in Davenport, Iowa, which Diedrich describes as "SFI's primary office."  Diedrich also states that:

> Several members of SFI's senior leadership, including its lead executive, operations lead, and business development lead, have been based out of the office in Davenport. These leaders perform and have performed their day-to-day responsibilities primarily in Davenport, which includes controlling, directing, and coordinating the activities of the company.  Other members of SFI's leadership, including the company's commercial, engineering, and finance leads, are based out of offices in New York, Ohio, Maryland, Florida, and the United Kingdom.  These leaders report directly to SFI's lead executive, who is and has been based out of Iowa, and work directly with SFI teams in Davenport to control, direct, and coordinate their areas of responsibility.

Declaration of Bradley Diedrich (Docket No. 1-3), ¶ 12.  However, as Plaintiff points out, Defendants fail to explain either in the Notice of Removal or Diedrich's declaration what is meant by "primary office," what functions are performed and not performed from that primary office, and whether any high-level executives who work out of that primary office actually direct, control, and/or coordinate SFI's activities.  In addition, Defendants fail to explain what is meant by "senior leadership" or the titles, responsibilities, or roles held by senior leadership.  *See, e.g., Pool v. F. Hoffman-La Roche, Ltd.*, 386 F.Supp. 3d 1202, 1220 (N.D. Cal. 2019) ("Without an understanding of what each director or officer actually does for HLR as a practical matter, where the nerve center of the company is cannot be determined").  Finally, although Diedrich states in his declaration that SFI's team leaders in Iowa "control, direct, and coordinate their areas of responsibility," Diedrich fails to address the relevant inquiry with respect to the nerve center test – who controls, directs, and coordinates the "corporate brain" of SFI.  *See Hertz Corp.*, 559 U.S. at 95.  Such conclusory statements are not sufficient to demonstrate that SFI's nerve center is located in Iowa.  *See Pool*, 386 F.Supp. 3d at 1221 ("That Mr. Bohm states in his declaration that HLR's 'decisions are made out of Little Falls,' . . . Is not sufficient to show that Little Falls is in fact the nerve center of the company").

In addition, the three declarations submitted by Defendants with their Opposition also fail to demonstrate that SFI's nerve center is located in Iowa.  Notably, Defendants failed to submit a declaration from any SFI officer or employee.  Defendants also failed to submit a declaration from Kumar, President of Eaton Aerospace Group, or any other Eaton Aerospace Group executive from

its world headquarters in Irvine, California. Instead, Defendants submitted a supplemental declaration from Diedrich and declarations from two Eaton Corporation executives: (1) Dale Schwach ("Schwach"), Senior Vice President and General Manager – Davenport Site Lead, Mission Systems Division, Eaton Corp.; and (2) Randy Fitzgerald ("Fitzgerald"), Commercial Director of the Mission Systems Division, Eaton Corp.

In his supplemental declaration, Diedrich explains that when he stated in his prior declaration that "SFI's senior leadership" was controlling SFI from its "primary office" in Davenport, Iowa, he was referring to "several members of SFI's and the Mission Systems Division (MSD) senior leadership team." However, the Mission Systems Division includes three entities separate and apart from SFI (Cobham Mission Systems Davenport LSS Inc. ("Davenport LSS"), Cobham Mission Systems Orchard Park Inc. ("MS Orchard Park"), and Cobham Mission Systems Wimborne Ltd. ("MS Wimborne")). In addition, although Diedrich identifies nine senior leaders who he claims are involved in the control, directing, and coordination of SFI from its "primary office" in Davenport, Iowa, the majority of those senior leaders are not based in Iowa (Jim Talty, Marcus Lee, Alex Brinker, Antione Henry, Rob Nyzen, and Lei Shen). Moreover, the majority of those senior leaders do not appear to be involved with any aspect of SFI's operations (Jim Talty, Marcus Lee, Alex Brinker, Antione Henry, and Lei Shen). Furthermore, Diedrich's supplemental declaration reveals that none of SFI's officers are located in Iowa. Instead, each of SFI's three officers, who are also officers of Davenport LSS – Thomas Okray (CEO, President, and sole Director of SFI and Davenport LSS), Lizabeth Wright (Secretary of SFI and Davenport LSS), and Kristin Park (CFO of SFI and Davenport) – are based out of Eaton Corporation's office in Cleveland, Ohio.

Similarly, the declarations from Schwach and Fitzgerald also undermine Defendants' argument that SFI's nerve center is located in Iowa. Schwach, who is not an employee or officer of SFI, explains that "[a]ll the individuals who work at the Davenport site on SFI products, including myself, are employed and paid by Davenport LSS." Thus, it appears that SFI has no employees of its own and, instead, borrows employees and corporate officers from Davenport LSS. In addition, Schwach admits that, although he has some authority in making business decisions impacting SFI, he "must seek approval from either the Division, Group or Sector leadership" for larger decisions. Declaration of Dale Schwach, ¶ 9 ("Where the value or risk profile of the contractual relationship exceeds the management and contracts teams' authority, we must seek approval from either the Division, Group or Sector leadership"), ¶ 10 ("In cases where the cost of a project exceeds my development budget, which is set based on an annual financial plan that my team puts together, I must seek approval from either Division, Group, or Sector leadership, depending on the amount of the cost involved"), and ¶ 11 ("In cases where a party supplies parts to both SFI and other Eaton businesses, or where the cost of the components exceeds my level of financial authority, I must seek approval from either Division, Group, or Sector leadership, depending on the circumstances"). In his declaration, Fitzgerald confirms the nature and extent of Schwach's authority in making business decisions affecting SFI. Fitzgerald, ¶¶ 12-14. Although Schwach and Fitzgerald do not explain what they mean by "Group," the only reasonable inference is that they mean Eaton Aerospace Group, which has its world headquarters in Irvine, California. Finally, Fitzgerald seeks to "clarify" in his declaration that when he told Plaintiff's counsel before this action was filed that all decisions concerning the Exclusive Distributor Agreement were made by Eaton executives and that Eaton was the contracting party under the Exclusive Distributor Agreement, he was referring to SFI, not Eaton Aerospace Group. Specifically, Fitzgerald states that "[m]y references to 'Eaton' during that conversation was to the leadership of SFI, not the Aerospace Group." Declaration of Randy Fitzgerald, ¶¶ 16-17. However, even assuming Fitzgerald's clarification is true, it does not establish

that SFI's nerve center is in Iowa rather than California.

Accordingly, the Court concludes that this action must be remanded because Defendants have failed to meet their burden of proving that SFI's nerve center is, in fact, in Davenport, Iowa, and not Irvine, California.[1]

## IV.   Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Plaintiff's request for jurisdictional discovery is denied as moot because Defendants have failed to meet their burden of proving diversity of citizenship. See *Sheets v. F. Hoffmann-La Roche Ltd.*, 2018 WL 6428460, *3 (N.D. Cal. Dec. 7, 2018) (finding "Plaintiffs' request for jurisdictional discovery . . . moot" in light of the ruling that the removing defendants failed to meet their burden of proving that removal was proper).